THE STATE *v.* D. A. WEST and L. B. CRAIG.

1 CRIMINAL LAW. *Commissioners of poor. Misfeasance.* "Commissioners of the poor" are liable to indictment for failure to supply the inmates of the poor house with necessary support and shelter.

2. SAME. *Same. Same.* The section of the Code providing for the removal of the commissioners by the county court at pleasure is not intended as a punishment or penalty for a misfeasance, but may be exercised at the pleasure of the county court, without any wrongful act on the part of the commissioner.

FROM SMITH.

Appeal in error from the Circuit Court of Smith county. N. W. McCONNELL, J.

ATTORNEY-GENERAL LEA for the State.

FITE, HAILE, JORDAN, and GARRETT & GARRETT
for West and Craig.

DEADERICK, C. J., delivered the opinion of the court.

An indictment was found at March term, 1884,
against defendants, who were "commissioners of the
poor" for Smith county, for failure to provide for
Martin and Miller, two paupers legally settled in the
poor-house of said county, with necessary support, shel-
ter, etc., etc., for want of which said paupers died.
The indictment was quashed and the State appealed.

The mode of appointment and the duties of the
commissioners are found in sections 1594 to 1608, in-
clusive. They are therein authorized to draw money
from the county treasury for the purchase of a site,
and erection of buildings, and for the ordinary expenses
of the maintenance of the poor, and prescribe rules
and regulations for the management of the farm, and
for the treatment of the inmates of the asylum, and
prescribe the manner in which said inmates shall live,
sleep, be clothed, etc.; and the commissioners shall
appoint a superintendent of the asylum, and take a
five hundred dollar bond, with surety, to perform his
duty, and cause him to take an oath to do so. By
section 1610 of Code, the commissioners may remove
the superintendent when the good of the establishment
requires removal, and may fill the vacancy.

The indictment avers that defendants were commis-
sioners, and having said two named paupers under their

---

---

care, supervision, control, management and protection as poor persons and proper inmates of said asylum, wilfully intending to injure and oppress the said poor persons, and each of them, from day aforesaid, and continuously to their deaths. * * wilfully, unjustly and inhumanly neglected and refused to find and provide for the said poor persons reasonable and necessary meat, drink, bread, food, clothing, beds, bedding, bed-clothes, lodging, shelter, fires, heat, warmth, sewerage, ventilation, means of cleanliness, and protection against cold, exposure, lice, etc., whereby they were reduced * * and finally died, at and near said poor-house, * * for want of such necessary food, clothing, warmth, etc. The indictment also avers that commissioners failed to prescribe rules and regulations as to management of farm, and to perform other duties enjoined by the statute.

In *State* v. *Bunton,* 2 Swan, 57, it is said, "it is laid down generally in the books that a public officer is indictable for misbehavior in his office, and it is unimportant whether the office was created by statute or common law. Every culpable neglect of duty enjoined on such officer, either by common law or by statute, is an indictable offense. And where the act is clearly illegal it is not necessary to aver or prove a corrupt motive." Citing 1 Russ. on Crimes, 135; Roscoe's Crim. Ev., 752; 1 Salk, 380; 1 Bish. Cr. Law, sec. 913.

In this case, however, it is averred that defendants, having these poor persons under their control and management, and wilfully intending to injure and op-

press them, wilfully, unjustly and inhumanly neglected and refused, etc.; and this we think is a sufficient averment of corrupt motive, if it were necessary to aver such motive, after the statement of facts, in the language employed.

In 1 Russ. on Cr., 136–7, it is said, "an overseer of the poor is indictable for a misfeasance in the execution of his office, as if he misuse the poor by keeping and lodging several poor persons in a filthy, unwholesome room, with windows out of repair and in a condition not affording sufficient protection against the severity of the weather."

But it is argued that the statute, Code, section 1958, prescribes the only punishment or penalty for the offense, that is, removal from office.

That section provides that the county court may remove said commissioners, or any one of them, at pleasure, and fill the vacancy. The power to remove is not conferred as a means of punishing for the misfeasance of the commissioner, but it may be exercised at the pleasure of the county court, and without any wrongful act on the part of the commissioner. It cannot, therefore, be said to be a penalty provided by the statute for its violation, but rather an incident to the power of appointment.

The judgment of the circuit court will be reversed and the cause will be remanded for trial.